## CIRCUIT COURT OF BALTIMORE CITY.

Filed March 29, 1908.

HENRY T. ZOLLICKOFFER, TRUSTEE,
VS.
ISABELLA STONEBRAKER ET AL.

*John Hinkley* for trustee.

*Lester L. Stevens* and *S. S. Field* for petitioner.

*Daniel M. Thomas* for respondents.

ELLIOTT, J.—

The contention in this case is incident to the construction of the will of Samuel Stonebraker, who died about thirty-five years ago, and whose estate is being administered under the jurisdiction of this court.

The immediate question arises under the paragraph of the will, which creates a trust estate intended to enure to the benefit of testator's three children for life, and a portion of the will's construction of which is now involved, reads as follows: "And in case of the death of my son, George, or any one or both of my said daughters, leaving children, then in trust as to the principal of said three parts or shares of the residue of my estate, and also in trust, as to the aforementioned farm, and aforesaid sums of $15,000, for the child or children of such deceased son or daughter, share and share alike, their heirs, executors, administrators and assigns, as tenants in common, and in case of the decease of any child or children of my deceased son, or deceased daughter or daughters, under age, his, her or their shares shall be divided among his, her or their brothers and sisters if any there be."

By an agreed statement of facts it appears that Almira A. Cassard, one of the two daughters of the testator, George Stonebraker, died on May 20th, 1907, leaving four children, namely, Douglas Cassard, Marguerite C. Timson, Gertrude Cassard and Stella Cassard, as her only surviving children. It also appears from said agreement of facts, that two other children, sons, died preceding their mother, one of them, Gilbert Cassard, on July 10th, 1890, and Samuel Cassard on March 3rd, 1893, both of these died without leaving any descendant and intestate.

It will be noticed, that in accordance with the provision of the will of Samuel Stonebraker, which has been quoted above, the time has now arrived when incident to the death of Mrs. Cassard, it is necessary to determine to whom the principal of the share held in trust for her for life has passed.

The two theories which this court is called upon to consider are, first, as to whether said share has passed to the four surviving children of Mrs. Cassard, or second, whether said share is to be divided into six parts, one part

to each of the said survivors, and two parts, one to the administrator of each of the two children who predeceased their mother.

In deciding this matter there would be no difficulty whatever, if the provision quoted is to be read exactly as it is written; and for a very clear reason. In accordance with said provision, the legal title of said shares passed to the trustees mentioned in the will, while the equitable life estate was in Mrs. Cassard.

At the death of Mrs. Cassard the equitable life estate ceased, and the only title remaining was in the trustees, subject, of course, to any provision made by the will with regard to it. But there was a provision, and that was, that upon the death of Mrs. Cassard, "leaving children, the principal of said share was to go to her child or children as tenants in common." It is, as has been suggested, perfectly clear, if the words are to be taken in their usual significance, that the only children of Mrs. Cassard who could answer the description of those entitled in remainder, are those whom she left alive, when she died. But the claim is made that the word "leaving" is to be construed so as to mean "having had," and that we are to construe the provision of the will so as to decide that at the death of Mrs. Cassard, the principal of the share held for her for life, went to those of her children who survived her, and to the representatives of such of her children as she had had, though they died before her.

It is doubtless true, that in some cases, the construction contended for, has been made, but the question as to whether or not it is applicable in this case, can be very readily and easily determined.

Let us suppose, for instance, that it does apply in the present case, and that if all the children of Mrs. Cassard had predeceased her, the principal of her share would have passed to the personal representatives of her children who had died, and would have ultimately become vested in the personal representatives of the last surviving child, or as each child died, in his or her parents, because on this theory the interest attached to each child of Mrs. Cassard, as it was born, and passed to its personal representatives upon its death preceding that of its mother.

This, however, would have violated another section of the bill, which provides "that if either of my said children should die without leaving child or children, then the entire interest in my estate of the son or daughter thus dying without issue, shall become the property of my surviving child or children," etc.

Again the will provided, as has been already quoted, "and in case of the decease of any child or children of my deceased son or deceased daughter or daughters, under age, his, her or their shares shall be divided among his, her or their brothers or sisters, if any there be." So that not only was it necessary that a child should be born to Mrs. Cassard in order to take a share of said estate, but it was likewise necessary that such child should not die under age. And there was undoubtedly the intention of the testator, that the question of succession to a share in the estate was in that particular at least, to be one of survivorship of a particular point or period of time.

If, therefore, we are to decide that every child of Mrs. Cassard, became upon its birth, immediately entitled to a share in said principal, without liability to lose said right by death, we must strike down the provision of the will which passed that share to his brothers and sisters upon his death under age.

I can not but think, therefore, that the whole scheme of this will is opposed to the construction which I have just been considering, and that the only proper construction to be adopted is that the principal of the share held by the trustees for the life of Mrs. Cassard, vested in her children living at the time of her death, subject to be divested as to such of them who might die after that time under age, the whole of said share vesting in the remaining children.

This I take to be the rational and controlling meaning of Samuel Stonebraker's will.

It follows, therefore, that the administrator of the two deceased sons of Mrs. Cassard have no standing in this court, and have no right to participate in any distribution made by it in this cause.

I will sign a decree accordingly.